# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 19, 2011

## STATE OF TENNESSEE v. DANNY D. HOLMES

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-63344     Don R. Ash, Judge**

---

**No. M2010-01770-CCA-R3-CD - Filed June 3, 2011**

---

The Defendant-Appellant, Danny D. Holmes, appeals the revocation of his probation. He pled guilty in the Circuit Court of Rutherford County to robbery and aggravated assault, both Class C felonies. Holmes received an effective sentence of six years in the Tennessee Department of Correction. Pursuant to the plea agreement, he was granted an alternative sentence of six years on probation. Holmes claims on appeal that the trial court abused its discretion by revoking his probation and imposing the original term of confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Brian Jackson, Nashville, Tennessee, for the Defendant-Appellant, Danny D. Holmes.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Trevor Lynch, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. Holmes was placed on probation on December 21, 2009. Some three months later, a violation report was filed alleging that Holmes failed to comply with the law based on a new arrest, failed to report a new arrest to his probation officer, possessed an illegal weapon, engaged in assaultive, abusive, or intimidating behavior, and associated with convicted felons.

**Revocation Hearing**. Detective John Singleton of the Murfreesboro Police Department testified that he responded to an armed robbery and home invasion call on

February 25, 2010. He and two other officers went to the scene and were informed that there were three perpetrators. He was also given a description of the perpetrator's vehicle. Detective Singleton testified that a vehicle matching the description was stopped by a patrol officer. Detective Singleton stated:

> The vehicle was stopped, the investigation revealed, at the Toyota dealership on South Church. The front seat passenger, later identified as Mr. Holmes, bailed out of the vehicle and left on foot. The other two subjects, Ms. Perry and Mr. Peebles, [were] taken into custody by patrol.

Detective Singleton said Holmes was eventually apprehended by the police. The victims and the perpetrators were brought together at the Toyota Dealership. Each of the three victims "individually identified Mr. Holmes, Ms. Perry, and the other individual" as the perpetrators. Detective Singleton later clarified that Peebles was "the other individual" that was identified. Detective Singleton testified that he heard Holmes threaten one of the victims at the Toyota Dealership. Detective Singleton stated, "Mr. Holmes made some remarks to Mr. Wallace that Mr. Wallace felt was in a threatening manner[.]" Detective Singleton stated that Holmes said, "I know where you live, [and] I have got your zip code." Based on these remarks, Detective Singleton charged Holmes with coercion of a witness. Detective Singleton said Holmes was also charged with three counts of armed robbery, three counts of assault, and one count of possession of a weapon by a felon.

On cross-examination, Detective Singleton testified that no weapon was found during the investigation. The police searched the vehicle that was used by the perpetrators. Detective Singleton said one of the victims, Mr. Wallace, suffered a wound to the head. Mr. Wallace reported that Holmes hit him in the head with a gun. Detective Singleton testified that Holmes was apprehended by a K-9 unit after he left the perpetrator's vehicle. When Holmes was apprehended, he was not in possession of a gun. Detective Singleton said he believed Holmes and Peebles associated on February 25, 2010.

The probation officer, Jordan Oliver, testified that he worked for the Tennessee Board of Probation and Parole. He prepared the violation report in this case. The probation officer said Holmes was placed on probation on December 21, 2009. The probation officer determined that Holmes violated several conditions of his probation. He said Holmes was arrested on February 25, 2010, for three counts of aggravated assault, three counts of aggravated robbery, two counts of aggravated kidnapping, and one count of domestic assault. Additionally, the probation officer alleged that Holmes failed to report the new arrests, associated with a felon, and engaged in assaultive, abusive, or intimidating behavior. Lastly, the probation officer found that Holmes possessed a weapon. He said Holmes had no prior probation violations.

Following the testimony at the revocation hearing, the trial court determined that Holmes violated the conditions of his probation. The trial court found that Holmes was involved in threatening, assaultive, or intimidating behavior. It also found that Holmes associated with a convicted felon. The trial court did not specify the factual basis of either finding. The trial court noted that the defense presented no evidence to rebut the allegations of Detective Singleton. The trial court revoked the probationary sentence and imposed the original term of confinement. Holmes then filed a timely notice of appeal.

**ANALYSIS**

**I. Probation Revocation**. Holmes claims the trial court abused its discretion by revoking his probation and imposing his original sentence. He argues that Detective Singleton and the probation officer lacked personal knowledge of the facts supporting the violations. Holmes asserts that Detective Singleton was not a witness to the alleged violations or an arresting officer. In response, the State argues that the trial court properly revoked the probationary sentence. The State claims the evidence supported the following violations: failure to obey the law, possession of an illegal weapon, failure to inform the probation officer of all arrests, association with a convicted felon, and engagement in threatening, assaultive, or intimidating behavior. Upon review, we conclude that the trial court did not abuse its discretion by revoking the probationary sentence and imposing the original term of confinement.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. Id. (citations omitted).

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Hunter, 1 S.W.3d at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In this case, the trial court did not abuse its discretion by finding that Holmes violated his probation. The trial court determined that Holmes associated with a convicted felon and engaged in threatening, assaultive, or intimidating behavior. Both of these findings were supported by substantial evidence at the revocation hearing. Detective Singleton said he responded to a call regarding an armed robbery and home invasion. He went to the scene of the offenses and spoke to the victims. Detective Singleton testified that the victims identified Holmes and Peebles,[1] a convicted felon, "as being the ones that committed this alleged offense." Detective Singleton stated that during the investigation, a patrol officer stopped a vehicle that contained Holmes and Peebles. This evidence is sufficient to show that Holmes associated with a felon. Testimony was also given that Holmes engaged in threatening, assaultive, or intimidating behavior. Detective Singleton said one of the victims reported that Holmes struck him in the face with a gun. Additionally, Detective Singleton heard Holmes threaten a victim after he was apprehended. Detective Singleton said the victims and the perpetrators were brought together at the Toyota dealership. Detective Singleton stated, "Mr. Holmes made some remarks to Mr. Wallace that Mr. Wallace felt was in a threatening manner, which is I know where you live, I have got your zip code." Detective Singleton testified that he charged Holmes with coercion of a witness based on these remarks. The foregoing testimony provides substantial evidence that Holmes violated his probation.

We are not persuaded by the claim that Detective Singleton lacked adequate personal knowledge of the violations. Holmes argues that this case is analogous to this court's decision in State v. Calvin Austin, No. W2005-02592-CCA-R3-CD, 2006 WL 4555240, at *2 (Tenn. Crim. App., at Jackson, Aug. 9, 2006). In Calvin Austin, the trial court revoked a defendant's probation based on new arrests. Id. This court determined that the revocation was improper because the evidence did not establish by a preponderance of the evidence that the defendant violated the law. Id. It stated that "the trial court based its decision to revoke

---

[1]Peebles was also on probation at the time of the new arrests. The revocation hearing in this case covered violation reports for both Holmes and Peebles. Peebles' probation officer testified that Peebles was on probation for aggravated assault and possession of cocaine.

the appellant's probation on the mere fact of an arrest rather than by a preponderance of the evidence." Id. The court pointed out that the record did not contain the new arrest warrant, the indictment, or the probation violation warrant. Id. Additionally, the court emphasized that the trial court "effectively prohibited" the State from presenting evidence of the alleged violation. Id.

Calvin Austin is distinguishable because the trial court in this case did not base its decision on the new arrests.[2] The trial court found that Holmes associated with a convicted felon and engaged in threatening, assaultive, or intimidating behavior. As discussed above, Detective Singleton presented substantial evidence in support of these violations. Detective Singleton testified that he was directly involved in the investigation of this case. He said he responded to the scene of the offenses and spoke with the victims and other officers. Detective Singleton testified that he was present when the victims identified the perpetrators at the Toyota Dealership. Detective Singleton was also present when Holmes verbally threatened a victim. Holmes has offered no legal support for the claim that information obtained by an officer during an investigation cannot provide the basis for a probation violation. Holmes had the burden of proving that no substantial evidence supported the trial court's findings. Beard, 189 S.W.3d at 735. He has not met this burden. The trial court properly found that Holmes violated his probation. Therefore, the trial court was authorized to revoke his probation and impose the original sentence. Hunter, 1 S.W.3d at 647. Holmes is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

---

[2]We recognize that the record contains limited evidence regarding the new offenses. The underlying conduct for these offenses was not presented in detail at the revocation hearing. Additionally, the record does not include the new arrest warrants or indictments.